NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3543
_____

UNITED STATES OF AMERICA

v.

ALBERTO LUCIANO CHAVEZ PEREIRA,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. Action No. 09-cr-741-001)
District Judge: Honorable Joseph E. Irenas
_____

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2013
_____

Before: RENDELL and GREENAWAY, JR., *Circuit Judges*
and ROSENTHAL,* *District  Judge*.

(Opinion Filed: May 23, 2013)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

_____

* Honorable Lee H. Rosenthal, Judge of the United States District Court for the Southern
District of Texas, sitting by designation.

1

Alberto Luciano Chavez Pereira ("Chavez Pereira") appeals the District Court's judgment sentencing him to 75 months' imprisonment and four years of supervised release. His counsel filed a brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that no non-frivolous issues exist for appeal and seeking to withdraw as counsel. For the reasons below, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.

## I.  Background

We write primarily for the benefit of the parties and recount only the facts essential to our discussion. Chavez Pereira, a native and citizen of Paraguay, was residing in the United States. In August 2009, he and a compatriot sold three kilograms of cocaine to an FBI informant. Although his co-conspirator was arrested immediately, Chavez Pereira escaped to Paraguay. He subsequently was arrested and extradited to the United States.

On May 15, 2012, Chavez Pereira pled guilty to a single count indictment charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. As part of his plea agreement, Chavez Pereira waived his right to appeal if his sentence fell within or below a Sentencing Guidelines range that resulted from an agreed upon total offense level of 29.

Chavez Pereira faced an advisory Guidelines range of 87 to 108 months of imprisonment, based upon a total offense level of 29 and a criminal history category I. At his sentencing hearing, Chavez Pereira made a number of arguments in favor of a downward variance. The District Court granted Chavez Pereira's variance request,

2

imposing a sentence of 75 months' imprisonment, followed by four years of supervised release, based upon a total offense level of 27. This appeal followed.

## II. Jurisdiction

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## III. Standard of Review

"In [*Anders v. California*], the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000). The attorney must always "support his client's appeal to the best of his ability." *Anders*, 386 U.S. at 744. If, however, "counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.*

To withdraw, counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." *Marvin*, 211 F.3d at 780. Hence, this Court's inquiry when considering a lawyer's *Anders* brief is two-fold; we must determine: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). In accordance with 3d Cir. L.A.R. Rule 109.2, if an appeal is judged to be wholly frivolous, this Court must "grant trial counsel's

3

*Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* (quoting 3d Cir. L.A.R. Rule 109.2(a) (internal quotation marks omitted)).

## IV.  Analysis

Counsel thoroughly reviewed the record and identified three possible issues for appeal, none of which is nonfrivolous.  First, he proffers that Chavez Pereira might challenge the jurisdiction of the District Court.  Second, counsel suggests that Chavez Pereira may dispute the procedural validity or voluntariness of his guilty plea.  Finally, counsel proposes that Chavez Pereira may seek review of the legality or reasonableness of the sentence.[1]

The government agrees with counsel that no nonfrivolous issues exist.  Furthermore, Chavez Pereira has not filed a pro se brief to suggest otherwise.  Our review of the record discloses no other possible issues for appeal.

## A. Proper Jurisdiction

The District Court had jurisdiction over this case, pursuant to 18 U.S.C. § 3231, because Chavez Pereira was charged with committing an offense against the United States.  Moreover, Chavez Pereira did not object to the District Court's jurisdiction prior to entering his guilty plea, thus waiving any challenge to personal jurisdiction.  *See* Fed. R. Crim. P. 12(b)(3) and (e).  Thus, there are no jurisdictional issues for appeal.

---

[1] We note that in light of the valid appellate waiver, we need not address the propriety of the sentence.

4

## B. Valid Plea

Chavez Pereira pleaded guilty based on a plea agreement. A review of the transcript of the plea hearing discloses that there are no issues for appeal with respect to the validity of the plea. *See Boykin v. Alabama*, 395 U.S. 238 (1969) and Fed. R. Crim. P. 11. The Court advised Chavez Pereira of his constitutional rights and ensured Chavez Pereira understood the consequences of waiving those rights. The Court also established that Chavez Pereira's plea, as well as his appellate waiver, was knowing and voluntary. The plea colloquy was comprehensive and thorough. The requirements of Rule 11 were met. Therefore, no issues of arguable merit exist with respect to the plea.

As part of his plea agreement, Chavez Pereira waived his right to appeal if his sentence fell within, or below, a Guidelines range that resulted from an agreed upon total offense level of 29. Chavez Pereira was sentenced to only 75 months' imprisonment, well below the Guidelines range of 87 to 108 months of imprisonment, triggering the appellate waiver.

Appellate waivers are valid if entered into knowingly and voluntarily. *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001). This Court has expressed a willingness to enforce appellate waivers in criminal cases, so long as their enforcement does not cause a miscarriage of justice. *Id.* at 562. In the instant case, Chavez Pereira knowingly and voluntarily signed the plea agreement which clearly informed him that he was waiving his right to direct and collateral appeals under certain conditions. Moreover, during Chavez Pereira's plea hearing, the Court discussed the effects of the appellate waiver with Chavez Pereira in detail. Chavez Pereira stated to the Court that he had

discussed the appellate waiver with counsel, and was duly informed of its consequences. Therefore, there are no viable appellate issues with respect to the appellate waiver.

## C. Sentencing

In light of the appellate waiver, we need not consider the propriety of the sentencing proceeding. If we were required to review the sentencing proceeding, we would conclude that it was procedurally and substantively reasonable.

## V. Conclusion

We find that no nonfrivolous issues exist for consideration on appeal. We will grant counsel's motion to withdraw, pursuant to *Anders*, and affirm the judgment of the District Court. Counsel is also relieved of any obligation to file a petition for a writ of certiorari in the Supreme Court. *See* 3d Cir. L.A.R. 109.2(b).